In the Matter of the Accounting of CHEMUNG CANAL TRUST COMPANY, as Trustee under the Will of CORA A. GLOVER, Deceased, Respondent. CHAUN-CEY GLOVER, as Administrator of the Estate of ROBERT GLOVER, Deceased, Appellant.— Appeal from a decree of the Surrogate's Court of Chemung County which denied the right of appellant, as administrator of the estate of Robert Glover, deceased, to the residue of a trust fund provided for in the will of Cora A. Glover, deceased. The will of testatrix was judicially construed in a proceeding had in 1939, and it was there held that the testatrix died intestate as to the residue of the trust estate unless the beneficiary thereof, Jesse B. Sheffer, predeceased her. All interested parties, except Robert Glover, husband of the testatrix, were given notice of this proceeding. No appeal was taken from the decree entered therein, and the construction of intestacy if the beneficiary survived the testatrix became the law of the case. The beneficiary survived the testatrix by several years, as did also the husband, Robert Glover. Hence the residue of the trust estate must pass according to the Statute of Descent and Distribution, and the proceeds thereof should be paid to the husband's estate. The intent of the testatrix is of no avail as to any part of her estate as to which she died intestate. Decree reversed on the law and facts, without costs, and the matter remitted to the Surrogate's Court of Chemung County for the entry of a decree in conformity herewith. Foster, P. J., Heffernan, Brewster, Deyo and Bergan, JJ., concur.

■

AUGUST W. REDMOND, Doing Business under the Name of REDMOND REAL ESTATE AGENCY, Respondent, v. MARY BETTIOL et al., Appellants.— Appeal by defendants from a money judgment of the Supreme Court rendered against them and in plaintiff's favor at a Special Term, Delaware County, after trial before the court, without a jury. The judgment is for the recovery of a real estate broker's commissions in having procured a customer willing, ready and able to purchase defendants' farm and equipment at a price and on terms stated in the brokerage agreement. The judgment is justified by the proofs. Judgment unanimously affirmed, with costs. Present — Foster, P. J., Heffernan, Brewster, Deyo and Bergan, JJ.